UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X       **COMPLAINT**

A.M., mother and natural guardian of R.S. and         Case No.:
A.M. Individually,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

---------------------------------------------X

## PRELIMINARY STATEMENT

1. At all times herein mentioned, Plaintiff A.M. is the mother and natural guardian of A.M. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. At all times herein mentioned, R.S. was a child with a disability as defined by 20 U.S.C. § 1403(3)(A) also known as the IDEA.

3. Defendant(s) classified R.S. as a child with a disability.

4. During the relevant dates referenced herein, the plaintiffs have resided in Queens, New York.

5. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the

United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7. The DOE is an agency of the City of New York, a municipal entity existing by virtue of the laws of the state of New York.

8. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff by the order of IHO Sharifa Milena Nasser ("IHO Nasser") in impartial hearing case number 200549. The decision was issued on March 12, 2022, and the decision is final and binding on the parties as no appeal ensued.

9. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in another due process action by the order of IHO John Farago ("IHO Farago") in impartial hearing case number 216365. The decision was issued on June 18, 2022 and is final and binding on the parties as no appeal ensued.

10. Plaintiff prevailed in the impartial hearing proceedings in case numbers 200549 and 216365.

11. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, legal fees have not been settled to date by defendants.

12. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

13. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

14. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

15. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2020-2021 school year on or about August 24, 2020. In the 10-day notice, the CSE was notified of the reasons for A.M.'s intent to place R.S. in a nonpublic school for the 2020-2021 school year. A.M. contended that that defendant(s) denied R.S. FAPE in failing to develop a proper IEP, in failing to conduct a comprehensive reevaluation for him, in failing to consider recommendations in evaluative data available to it or make appropriate recommendations for R.S. based on his known learning profile.

16. Plaintiff brought a due process proceeding under case number 200549 due to the inadequacy of A.M.'s IEP which was developed for the 2020-2021 school year. The hearing request dated September 10, 2020, was transmitted to the DOE.

17. The hearing proceeded over several dates on 09/30/21, 11/01/21 & 01/11/22. After holding the hearing over these dates, IHO Nasser determined that that the DOE denied FAPE to R.S. She also determined that A.M.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of school year(s). The DOE was also ordered to reimburse A.M. for transportation costs due to the failure to provide busing because of implementation issues. Following IHO Nasser's order, the DOE did not appeal it.

18. A 10-day notice of unilateral placement was sent to the defendants' CSE on or about August 24, 2021. In the 10-day notice, the CSE was advised of A.M.'s reasons for unilaterally placing R.S. in a nonpublic school for the 2021-2022 school year. Plaintiff challenged the appropriateness of the IEP and the defendant(s) procedural failures leading up to the 2021-2022 school year. The defendants did not respond to the plaintiff's 10-day notice.

19. Although an IEP was developed that plaintiff was not in agreement with, no placement was offered to R.S. for the 2021-2022 school year.

20. On September 9, 2021, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to R.S. in the 2021-2022 school year. This case proceeded before IHO John Farago ("IHO Farago") under case number 216365. At the time of the impartial hearing, the defendants' District Representative did not present any witnesses on Prong One case to establish that the DOE provided FAPE to A.M. for the 2021-2022 school year.

21. IHO Farago found that R.S. was denied FAPE in the complained of school year(s). The parent's unilateral placement was found to be appropriate and the defendants were ordered to fully and directly fund R.S.'s attendance at the nonpublic school for the 2021-2022 school year and reimburse plaintiff for monies expended on tuition for R.S.'s attendance at the nonpublic school. The IHO also ordered that the DOE fund R.S.'s audiological and central auditory processing evaluations as a matter of transition planning. The order was not appealed by defendant(s).

22. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees in each of the above-mentioned due process proceedings.

23. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in each of the underlying due process proceedings that were not occasioned by the defendant City's or DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial hearing decision by the assigned IHOs.

24. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

### AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 200549

25. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through twenty-four ("24") as if fully set forth herein.

26. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 200549.

27. The relief sought and ultimately obtained in the hearing under case number 200549 were substantial for Plaintiff.

28. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 200549.

29. The relief sought and ultimately obtained in the hearing under case number 20059 was substantial for Plaintiff.

30. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

31. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 200549 and this action.

32. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 200549 and this action.

**AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 216365**

33. Plaintiff reasserts and realleges the allegations contained paragraphs twenty-five ("25") through thirty-two ("32") as if fully set forth herein.

34. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 216365.

35. The relief sought and ultimately obtained in the hearing under case number 216365 were substantial for Plaintiff.

36. As set forth herein, Plaintiff is a prevailing party in the underlying due process

5

proceeding under case number 216365.

37. The relief sought and ultimately obtained in the hearing decision under case number 216365 was substantial for Plaintiff.

38. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

39. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 216365 and this action.

## REQUESTS FOR RELIEF

40. Plaintiff requests that an Order be issued awarding attorneys fees as a prevailing party in underlying due process proceedings. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action pursuant to 20 U.S.C. 1415(i)(2)(A) and 20 USC 1415(i)(3)(B).

Dated: Brooklyn, New York
       February 25, 2025

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq.
(Electronically signed)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
A.M. as m/n/g of R.S.
238 Covert Street, Suite 2
Brooklyn, New York  11207
O: (866) 478-3324
erika.hartley@hartleylawgrp.net

To:   MURIEL GOODE-TRUFANT, ESQ.
      Corporation Counsel of the City of New York
      Attorneys for Defendants
      THE CITY OF NEW YORK & NEW YORK
      CITY DEPARTMENT OF EDUCATION
      100 Church Street
      New York, New York  10007

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------X


A.M. as mother and natural guardian of R.S. and
A.M. Individually,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.


-------------------------------------------------------------------------------------------------------------X

# COMPLAINT

-------------------------------------------------------------------------------------------------------------X


**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
A.M.. as m/n/g R.S. and A.M.. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (866) 478-3324, Fax (718) 650-8917